UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KRISHAN SUKHRAM,

                Plaintiff,

      -against-

MERCY DRIVE REALTY INC,
ST. XAVIER HOME CARE SERVICES, INC., AND
CRISTABELLE COCHRAN,

                Defendants.
-------------------------------------------------------------------------X

Case No.: 1:20-cv-03993 (MKB)

## STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

This Stipulation of Settlement and Release Agreement ("Agreement") is entered into by between MERCY DRIVE REALTY INC, ST. XAVIER HOME CARE SERVICES, INC., AND CRISTABELLE COCHRAN (collectively referred to herein as "Defendants") (Plaintiff and Defendants may from time to time be referred to herein individually as "Party" or collectively as the "Parties").

## RECITALS AND BACKGROUND

**WHEREAS,** on August 27, 2020 Plaintiff filed a Complaint in the United States District Court for the Eastern District of New York ("EDNY") against Defendants under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York Code, Rules and Regulations ("NYCRR"), and the New York Minimum Wage Act ("NYMWA") alleging that Defendants failed to pay wages and overtime, failure to provide timely wage payments, unlawful deductions, withheld wages, and failure to provide wage statements; Case No.: 1:20-cv-03993 (MKB) ("Civil Action");

**WHEREAS,** Plaintiff and Defendants seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them with regard to Plaintiff's claims under the FLSA, NYLL, NYCRR and NYMWA related to the Civil Action, and the Parties *bona fide* dispute regarding same;

**WHEREAS,** Defendants deny and continue to deny all of the allegations made by Plaintiff in the Civil Action, whether under the FLSA, NYLL, NYCRR and NYMWA or otherwise, and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Civil Action, or otherwise. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to enter into

this settlement on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Civil Action;

**WHEREAS,** the purpose of this Agreement is to settle fully and finally all claims Plaintiff has asserted, or could have asserted under the FLSA, NYLL, NYCRR and/or NYMWA against Defendants, including all claims asserted in the Civil Action, in order to avoid the burden, expense and uncertainty of continuing the Civil Action;

**WHEREAS,** Plaintiff, in consultation with his attorneys, Abdul K. Hassan Law Group PLLC, 215-28 Hillside Avenue, Queens Village, New York 11427 (hereinafter referred to as "Counsel for Plaintiff") has analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the FLSA, NYLL, NYCRR and NYMWA claims within the Civil Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in his best interest;

**WHEREAS,** Defendants, in consultation with their attorneys, Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797 and Law Offices of James P. Clark, P.C., 256 Main Street, Suite 202, Northport, NY 11768, (collectively referred to herein as "Counsel for Defendants"), have analyzed and evaluated the merits of the claims made against them, their defenses, and the impact of this Agreement on them, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the FLSA, NYLL, NYCRR and NYMWA claims within the Civil Action, if not settled now, might result in an outcome less favorable to them, and Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in their best interest;

**NOW, THEREFORE,** in consideration for the sums as outlined below, Plaintiff and Defendants have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of, or growing out of, the matters set forth in the FLSA, NYLL, NYCRR and NYMWA claims within the Civil Action, including, but not limited to, the Causes of Action in the Complaint filed on August 27 2020, EDNY Case No.: 1:20-cv-03993 (MKB) ("Complaint"), or which could have been raised in a lawsuit, or which otherwise involve Plaintiff's employment relationship with Defendants as governed by the FLSA, NYLL, NYCRR and NYMWA.

2. **RELEASE:** In consideration for the payment called for herein, Plaintiff (sometimes hereinafter referred to as the "Releasor"), does hereby completely, irrevocably and unconditionally releases and forever discharges Defendants Mercy Drive Realty Inc, St. Xavier Home Care Services, Inc., And Cristabelle Cochran, and as to each, their representatives, members, owners, directors, divisions, affiliate organizations, subsidiary organizations, parent

organization, present and former officers, agents, shareholders, directors, trustees, insurers (including, but not limited to, Mount Vernon Fire Insurance Co., and United States Liability Insurance Group), attorneys (including, but not limited to, Milber Makris Plousadis & Seiden, LLP and Law Offices of James P. Clark), employees, employee benefit plans, the current and former plan administrators and trustees, whether in their individual or official capacities, of any pension, welfare or other benefit plan available to present or former employees and any such plan, and each and every one of them their heirs, executors, administrators, successors and assigns (all of which are hereinafter referred to collectively as the "Releasees") from any and all claims within the Civil Action and/or the Complaint filed therein; which includes claims and allegations for wage and hour violations under federal, state and/or local law, including, but not limited to, the New York State Labor Laws, the New York Wage Theft Prevention Act, the New York Minimum Wage Act, the New York Codes, Rules and Regulations, the New York Miscellaneous Industries Wage Order, and/or the Fair Labor Standards Act, each as amended, as well as any actions, claims, grievances, complaints, debts, controversies, judgments, administrative claims and demands whatsoever that Plaintiff his respective heirs, executors, administrators, agents, successors, and assigns had or now has or may have against Defendants and/or the Releasees from the beginning of time to the date of this Agreement, concerning violations or allegations of unpaid compensation, minimum wages, overtime, commissions, or unpaid wages in any form, whether based on common law, statute, the FLSA, the NYLL, or any other law, regulation, or ordinance governing the payment of wages, or otherwise. This release specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, split-shift pay, accrued benefit time, liquidated damages, attorneys-fees and costs, wage-related penalties (including any civil penalties associated with the alleged failure to comply with NYLL § 195 *et. seq.*) bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities related to Plaintiff's employment with Defendants, and/or his association with the Releasees.

3. **DISMISSAL OF THE CIVIL ACTION:** Plaintiff further understands and agrees that this Agreement and the promises made by Defendants herein are made conditionally and contingent upon Defendants' receipt of: (i) this Agreement fully executed by Plaintiff; (ii) an Order of the EDNY approving this Agreement; and (iii) an Order of the EDNY dismissing with Prejudice, the Civil Action, Case No.: 1:20-cv-03993 (MKB), in its entirety, including any and all claims therein whether for violations of the FLSA, NYLL, NYCRR, NYMWA, or otherwise.

4. **PAYMENT:** consideration for the release contained in **Paragraph 2** and all other promises and agreements made by Plaintiff herein, and in full and final satisfaction of these matters, including dismissal of the Civil Action, the Complaint filed therein, and any other related claims Plaintiff did or reasonably could have made based on such allegations, Defendants agree to pay Plaintiff the sum of **$47,500.00 (Forty Seven Thousand Five Hundred Dollars and Zero Cents)** ("Settlement Amount"). Defendants shall issue the Settlement Amount as set forth below after their receipt of: (i) this Agreement, fully executed by Plaintiff; (ii) a completed, fully-executed IRS Form W-4 for Plaintiff (iii) a completed, fully-executed IRS Form W-9 for Plaintiff; (iv) a completed, fully-executed IRS Form W-9 for Counsel for Plaintiff; (v) an Order from the EDNY approving this Agreement in its entirety; (vi). The Settlement Amount shall be made by checks to be allocated as follows:

A) Defendants shall provide **one (1) gross check** in the amount of **$31,174 (Thirty One Thousand, One Hundred Seventy-Four Dollars and Zero Cents)** made payable to "***Krishan Sukhram***", from which no taxes, withholdings, or deductions shall be taken within 30 days of the Court's approval of this settlement agreement. In January 2022, IRS Forms will be provided in accordance with IRS regulations.



B) Defendants shall provide **one (1) gross check** in the amount of **$16,326 (Sixteen Thousand Three Hundred Twenty Six Dollars and Zero Cents)** made payable to "***Abdul Hassan Law Group, PLLC***", from which no taxes, withholdings or deductions shall be taken within 30 days of the Court's approval of this settlement agreement. In January 2022, IRS Forms will be provided in accordance with IRS regulations.

C) If there is a default in making the payments herein, Plaintiff or Counsel for Plaintiff, will give Defendants Mercy Drive Realty Inc, St. Xavier Home Care Services, Inc., And Cristabelle Cochran, written notice of said default, by sending a notice of default by email to Defendants' attorneys Ms. Elizabeth Gorman, Esq. at egorman@milbermakris.com and Mr. James P. Clark, Esq. at jim@jpclarklaw.com. The defaulting party will have ten (10) days from receipt of such notice to cure the default. If the defaulting party does not cure the default within ten (10) days of the notice, Plaintiff and Counsel for Plaintiff shall have the right to a judgment or supplemental judgment against the defaulting party in an amount equal to the defaulting party's portion of the Settlement Amount, less any monies paid by the defaulting party at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel against the defaulting party only. Plaintiff acknowledges and agrees that, should a default occur, he shall have no right to commence a recovery action or seek a judgment or supplemental judgment against ant non-defaulting party.

D) **RELEASE BETWEEN DEFENDANTS**: Except for the terms, rights and obligations set forth herein, Defendants, voluntarily release and forever discharge one another of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals, and demands, whatsoever, in law or equity, which they may have against one another, arising out of the allegations and causes of action contained in the Civil Action, or which may arise pursuant to this agreement. Defendants expressly acknowledge and agree that the payments set forth herein represent each of their definitive, respective, and separate obligations to the Plaintiff under this agreement, and that no other amounts are outstanding, owed, or have been promised between them. Defendants each further agree not to seek any further amounts or indemnification from one another, and are responsible only for the amounts laid out herein as it relates to each of them. In the event of an alleged default against either Party, Defendants agree that they shall each be solely responsible for their own defense and shall not be entitled to seek a defense, indemnification, or reimbursement of any kind from the other.

E) The Settlement Amount shall be delivered by mailing the checks referenced in this **Section** to Counsel for Plaintiff, to the attention of: Abdul K. Hassan, Esq., Abdul K. Hassan Law Group PLLC, 215- 28 Hillside Avenue, Queens Village, New York 11427.

F) Without releasing Defendants from their ultimate obligation to ensure the

Settlement Amount is delivered to and received by Plaintiff and Counsel for Plaintiff, Defendants will be considered to have fulfilled their obligations regarding the deadline for issuance of the Settlement Amount as contemplated in this **Section** by submitting the checks referenced in this **Section** to either the custody and control of a United States Postal Service employee, a United States Postal Service Mailbox, or any other receptacle authorized for receipt of United States Postal Service Mail, on or before deadline for issuance of the Settlement Amount as contemplated by this **Section** The Parties agree that any delay in delivery of the Settlement Amount that is caused by, or may be attributed in whole or in part to any act or omission of the United States Postal Service or other mail carrier, shall toll the deadline for issuance of the Settlement Amount as contemplated within this **Section**, and shall not be considered a breach of this agreement on behalf of Defendants and/or the Releasees in any way.

5. **NO OTHER PAYMENTS OR BENEFITS DUE AND OWING:** Plaintiff hereby acknowledges and agrees that with regard to his claims for wages and/or overtime against Defendants, whether under the FLSA, NYLL, NYCRR, NYMWA or otherwise, including, but not limited to, claims for wages and overtime alleged in the Civil Action and/or those alleged in the Causes of Action in the Complaint, that other than the Settlement Amount as set forth herein of this Agreement, no other wage or wage-related payments, including, but not limited to, payments of income, wages, overtime, vacation time, or other benefits of any kind are owed to him by Defendants. Plaintiff acknowledges and agrees that the Settlement Amount being made by Defendants is in excess of any amount Defendants are or may be obligated to provide to Plaintiff, or that would normally be provided to Plaintiff upon the resignation, termination and/or separation of his employment with Defendants or the Releasees, and that it is being provided solely in consideration of Plaintiff's signing this Agreement and the mutual promises, covenants and agreements set forth herein.

6. **INCOME TAXATION:** Defendants make no representations or warranties regarding any tax issues relating to the payments provided for herein above, and Plaintiff acknowledges that he has not relied upon any advice from Defendants or Defendants' agents, employees, attorneys or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiff as a result of the payment made hereunder, Plaintiff shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes and to the extent permitted by law including the FLSA, and shall indemnify and hold Defendants including their insurers, harmless for any such liability, interest or penalties related thereto.

A) <u>Interpretation of this Agreement by Taxing Authorities</u>: In the event the IRS or any other taxing authority or governmental agency (whether federal, state or local) makes a determination that additional taxes are owed by any party, each party shall be responsible for their share of such taxes and their individual defense of such matter.

7. **NO OTHER CLAIMS:** Plaintiff represents that, other than the Civil Action and Complaint filed therein, he has not filed any complaints or charges, either formal or informal, against Defendants and/or the Releasees with any other local, state, or federal agency or court relating to the matters alleged in the Civil Action and/or Complaint filed therein. Plaintiff agrees to withdraw the causes of action asserted in Civil Action and Complaint therein, and not to file

any other causes of action against Defendants arising from any claims that were raised or could have brought against Defendants from the beginning of the world up to the date of this Agreement for overtime, commissions, unpaid wages, or any other payments or remunerations for services related to or arising out of Plaintiff's employment relationship with Defendants and/or the Releasees, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, split-shift pay, accrued benefit time, liquidated damages, attorneys-fees and costs, wage-related penalties (including any civil penalties associated with the alleged failure to comply with NYLL § 195 *et. seq.*), bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and/or the Releasees. The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. However, to the extent permitted by law, Plaintiff agrees that if any such claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

8. **NO ASSIGNMENT OF BENEFITS:** Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9. **MEDICARE RELEASE BY PLAINTIFF.**

The parties intend to comply with the Medicare Secondary Payer Act (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiff has not been identified as Medicare recipient and Plaintiff hereby expressly represents and warrants that Medicare has not made any payments to or on Plaintiff's behalf as a result of or in any way related to the injuries alleged in the Claim.

Plaintiff, Krishan Sukhram, further declares under penalty of perjury under the laws of the State of New York, that: 1) I am not currently entitled to Medicare; and 2) I have received no treatment for any injury/injuries related to the Civil Action that was submitted to or paid for by Medicare or Medicaid.

10. **GOVERNING LAW:** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Court in the Civil Action shall retain jurisdiction to enforce this agreement.

11. **ENTIRE AGREEMENT:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief, interests, and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations or promises of any kind or character have been made by any Party or Parties, their agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement

constitutes a single integrated contract expressing the entire agreement between the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, between or among the Parties hereto concerning the subject matter hereof, except the representations, promises, covenants, and agreements set forth herein. This Agreement supersedes, cancels, and replaces any and all prior and/or contemporaneous negotiations and all agreements, arrangements or representations proposed or otherwise, written or oral, concerning the subject matter hereof.

12. **IMPORTANT ACKNOWLEDGEMENTS:** By signing this agreement:

A) The Parties affirm they have read this Agreement in its entirety;

B) The Parties understand the terms of this Agreement, and know that by executing it they are giving up important rights;

C) The Parties affirm that they are competent to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.

D) The Parties have been advised to consult with their attorneys prior to executing this Agreement, and represent and warrant that they have done so, or that they otherwise knowingly and voluntarily waive such right;

E) The Parties have signed this Agreement knowingly and voluntarily;

F) The Parties represent and warrant that they believe the attorneys' fees portion of the Settlement Amount to be fair and reasonable.

13. **BINDING NATURE OF AGREEMENT:** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the Releasees is a beneficiary of this Agreement.

14. **ARMS' LENGTH TRANSACTION; MATERIALITY OF TERMS:** The parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this agreement are material to this agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

15. **NO CONSTRUCTION AGAINST DRAFTER:** This Agreement is the product of negotiation among Plaintiff and Defendants and/or their respective counsel and shall be deemed as having been prepared jointly by them. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

16. **EFFECTIVE DATE:** This Agreement shall become effective upon approval by the United States District Court For the Eastern District of New York.

17. **SEVERABILITY:** If any provision, subpart of any provision, phrase or clause herein is determined by a court of competent jurisdiction to be invalid or unenforceable (other than **Paragraph 2**, "**Release**", as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), those provisions, subparts, phrases or clauses shall be considered duly severable and removed from the agreement, such that the remaining provisions subparts, phrases and clauses shall continue in full force and effect.

18. **WAIVER:** No breach of any terms or provisions hereto will be deemed waived unless in writing. The waiver of any breach of any terms or provisions of this Agreement shall not be a waiver of any other breach of this Agreement.

19. **HEADINGS:** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

20. **NO MODIFICATION EXCEPT IN WRITING:** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extend set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failures by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

21. **MULTIPLE COUNTERPARTS:** The Parties agree that this Agreement can be signed in counterparts that all such counterparts, together, shall constitute one and the same legal instrument.

22. **EMAIL & FACSIMILE SIGNATURES:** The Parties further agree that photocopied, scanned, emailed, or facsimile signatures shall be deemed as effective as original signatures.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

  **IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____  7/7/2021
**Krishan Sukhram,**

_____

**For: Mercy Drive Realty Inc**

_____

Print Name

_____

Sign Name

_____

Title

_____

Date

**For: St. Xavier Home Care Services, Inc.**

_____

Print Name

_____

Sign Name

_____

Title

_____

Date

_____
**Cristabelle Cochran**

**[THIS IS THE END OF THE DOCUMENT.]**