# RETAINER AGREEMENT OF
# KRISHAN SUKHRAM AND ABDUL HASSAN LAW GROUP, PLLC

## I. INTRODUCTION

Krishan Sukhram (the "Client"), by signing this agreement, retains Abdul Hassan Law Group, PLLC, (the "Attorney"), and Client and Attorney agree to be bound by the following terms:

## II. THE ATTORNEY'S DUTIES

1. Attorney is obligated to advise and represent Client as to Client's claim(s) for **unpaid wages against Mercy Drive, Inc and St. Xavier Home Care Services, Inc.** and other responsible parties ("the case").

2. Client agrees and authorizes Attorney to bring the case, or any part thereof, as an individual or class/collective action and Client agrees to be the class representative in any such class/collective action.

3. Client hereby empowers Attorney to assert such claims in the case and to file such legal actions as Attorney may deem advisable or appropriate under the circumstances.

4. Client understands that Attorney is entering into this retainer agreement at an early stage where all the facts and circumstances are not known to Attorney and that Attorney's initial evaluation and decision to represent Client may change as Attorney learns more about the facts and circumstances, and as Attorney does more research into the legal issues.

5. Attorney's obligation and this retainer agreement does not cover any other claims, whether or not related to the case, including but not limited to workers compensation and discrimination claims, and such other and all claims that may arise and that may require legal services.

6. In the event Attorney deems it advisable and appropriate in the circumstances to file a lawsuit or action, Attorney's obligation and this retainer agreement will terminate before any appeal is due or taken and may terminate sooner if Attorney withdraws from representation of Client or if Client discharges attorney as provided for in this Agreement. For example, Attorney is not obligated to handle the collection of any judgment, appeals or re-trials.

7. Attorney is not obligated to perform services as to claims not covered by this retainer agreement or beyond the time period covered by this retainer agreement unless there is a new and separate retainer agreement between Attorney and Client which covers such additional services. However, if, in the absence of a new written retainer agreement, the Attorney provides further and/or additional services, with the client's **express** or implied consent, or if it was reasonable for Attorney to perform such services, Attorney will be

1

8.  compensated for such further and/or additional services as if such services were covered by this retainer agreement all along.

8.  This agreement retroactively covers any work performed by Attorney on the case before the date this agreement was executed by Client and Attorney, and Attorney shall be compensated for such work under the terms of this agreement as if such work was performed after this agreement was executed and covered by this agreement all along.

## III. THE CLIENT'S DUTIES

9.  Client agrees to provide all information and papers requested by the Attorney and to cooperate fully in any proceedings in connection with the case, including but not limited to attending scheduled meetings and hearings, answering interrogatories, appearing for depositions, and participating cooperatively in judicial or other proceedings as may arise from time to time in the case.

10. Client must keep Attorney informed as to Client's whereabouts and the status of Client's injuries and other damages at all times during the pendency of the case. Client must cooperate in all respects when requested to do so by Attorney. Attorney will deem any substantial failure by Client to conform to the requirements of this paragraph a breach of this agreement which relieves Attorney of all obligations hereunder.

11. Client agrees not to communicate with the court or administrative tribunal, or with other parties to the case, without Attorney's consent. The client also agrees not to misrepresent or conceal any facts when communicating with Attorneys and that filing a frivolous case or other frivolous conduct may subject client and attorney to monetary sanctions, in addition to defendant's costs and expenses which Client may be liable for if Client looses the case.

## IV. PAYMENTS REQUIRED

12. Attorney is representing Client for a contingency fee. This means that Attorney will not be paid any fees for his work unless there is a recovery of money for Client. The amount of Attorney's contingency fee will be the greater[1] of:

    (a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

    (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below (see paragraphs 24 and 26) times the number of hours spent by the Attorney on Client's behalf; or

    (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

---

[1] For example, See Venegas v. Mitchell, 495 US 82 (1990)

2

13. As an example, assume the case is settled for $14,000, and Attorney advanced $2000 in costs and expenses for things such as filing fees and court reporters. At the outset, the attorney will be reimbursed the $2,000 he advanced as costs and expenses which leaves us with $12,000 net recovery. The reasonable percentage fee would be 1/3 of $12, 000 or $4,000. If Attorney's hourly fees were $3,000 (i.e. $600 x 5 hours), the total fee to Attorney would be $4,000 since this is the greater of the percentage fee and the reasonable hourly fee. If the reasonable hourly fees were $6,000, this would be the total fees paid to the Attorney because it is greater than the one-third percentage fee of $4,000. If the court in this example makes a separate award of attorney's fees of $6,500 which is paid by defendant(s), the total fees paid to Attorney would be $6,500 and client will keep the entire $12,000 amount of net damages/recovery. If the court instead, awards attorney's fees of $5,000 which is paid by defendant(s), the total fees paid to Attorney would be $6,000, and because $5,000 of this amount is covered by the separate court award, only $1,000 will come from the net recovery which leaves the Client with $11,000. The numbers used in these fee examples are hypothetical and do not indicate how much money Attorney will recover for Client, if any.

14. Client recognizes and agrees that a separate recovery of fees and costs may be significantly larger than the initial recovery of damages for the Client. For example, in an actual case, a client hired Attorney to recover her overtime wages from the City of New York in the amount of about $1,800. Despite the small amount of damages, Attorney was able to take this case in major part because the overtime laws allowed for the recovery of attorney's fees from defendant. Very early in the case, and before a lot of fees were incurred, Attorney asked the City defendant to settle but the defendant refused. Instead, defendant hired several lawyers and forced Attorney to fight long and hard to get his client her $1,800. Attorney won the case for his client and she was awarded the $1,800 in overtime wages. However, when it was all over, Attorney had spent hundreds of hours of his time fighting to recover the wages and the Court ordered the defendant to pay the attorney's fees. The defendant eventually had to pay attorney over $100,000 in fees, costs and expenses even though the $1,800 in damages was relatively small, but because Attorney was forced to spend a lot of time on the case. If Attorney did not win this case for his client, the client would not have owed Attorney any money and Attorney would have lost over $100,000 in fees – this shows the tremendous risks Attorney takes by accepting contingency cases like this one. This is just an example and the outcome of your case will be based on its individual facts and circumstances.

15. Client agrees that where a separate recovery of attorney's fees is sought, Attorney may seek a fee enhancement in Attorney's discretion of fifty to one-hundred percent and in cases where the circumstances warrant, a larger enhancement. The enhancement is based on factors which includes but are not limited to the risk of non-payment or underpayment, delays in payment and other difficulties that are inherent in litigating these types of contingency cases.

16. Client recognizes and agrees that in cases where a defendant may be liable for attorney's fees if it looses, a defendant may settle a claim for attorney's fees as part of the settlement

3

of the case before fees are set by the court. However, unless the case is certified as a class/collective action, Client will ultimately decide whether a settlement is acceptable.

17. Attorney will not collect attorney's fees which exceeds the total recovery of damages plus attorney's fees.

18. The Attorney will have complete discretion to incur litigation and other out-of- pocket expenses in the prosecution of the case, and will ordinarily advance these sums on the client's behalf. These expenses include (but are not limited to) such items as the fees paid to courts, court reporters, lay and expert witnesses, investigators and process servers; the attorneys' travel expenses, long distance telephone, facsimile transmission, and photocopying charges; courier or messenger service, and computer database access charges; and the cost of special exhibits and supplies purchased for the case. The Attorney will be reimbursed for any expenses advanced, from any recovery of money in the case, and any recovery of money in the case will first be used to reimburse Attorney for any expenses advanced, before being used to pay fees or the Client.

19. During the litigation of this case, the court may award monetary sanctions to compensate Attorney for time spent to compel the opposing side to do what it is required. Such awards are not part of any recovery obtained on Client's behalf and belong solely to Attorney and are not included in the recovery used to compute the reasonable percentage fee.

20. If the Attorney secures a separate recovery of costs and expenses, this separate recovery shall be refunded to the Client only to the extent that the sum of the separate recovery of costs and expenses and any costs and expenses previously paid exceeds the actual costs and expenses.

21. Where a separate recovery of attorney's fees, costs or both is secured, the recovery for purposes of computing a reasonable percentage fee as mentioned above shall exclude such later recovery of fees and costs but shall include the value of any nonmonetary relief.

22. Any settlement offer of a fixed sum which includes a division proposed by the offering defendant or defendants between damages and attorney's fees shall be treated by the Client and the Attorney as the offer of a single sum of money, and the division of the offer by the offeror into damages and attorney's fees shall be completely disregarded by the Client and the Attorneys. If such an offer is accepted, it shall be treated as the recovery of a single sum of money to be apportioned between the Client and the Attorney according to this agreement. However, this provision does not prevent the negotiated settlement of a claim for attorney's fees as part of the settlement of the case.

23. Even though this agreement contemplates a single payment of a judgment or settlement, if any, in certain cases, the settlement agreement or judgment may provide for payment to Client in installments by defendant(s). When this occurs and the percentage fee as described above is greater than the other types of fees, Client agrees that Attorney would

      be entitled to the greater percentage fee plus an additional fixed or hourly fee paid by defendant for Attorney to handle the installment payments.

24. Attorney may employ or associate additional lawyers who are not members of Attorney's firm to assist in the prosecution and/or handling of the case. If Attorney does so, their time will be treated the same as if they were members of Attorney's firm or the same as if the time was expended by Attorney, for the purpose of compensation under this agreement. The rate set forth in paragraph 26 below is the rate for work performed by the Abdul Hassan Law Group, PLLC regardless of which person within the Abdul Hassan Law Group, PLLC performs the work. Work on a case may involve more than one person working together or in support of each other.

25. The fee upon which we have agreed is not set by law but is negotiable between us, except that in the event the case certified as a class action, the attorney's fees would be set and approved by the court.

26. Client understands that by electing to represent Client for a contingency fee, Attorney is undertaking the financial risk of this difficult and uncertain litigation. In lieu of the contingency fee provided by this agreement, Client may choose to undertake the risk by agreeing to pay the Abdul Hassan Law Group, PLLC each month, at the Abdul Hassan Law Group, PLLC's hourly rate of $600 an hour plus and annual rate increase of 5% to take effect on January 1st of each coming year, for work performed by the Abdul Hassan Law Group, PLLC. The client expressly declines to do so, believing that such terms are beyond Client's means, and Client chooses the terms of this agreement instead.

## V. NO GUARANTEES AND WARRANTIES

27. By entering into this agreement with Client, Attorney is not making (and Attorney will not be making) any warranties or representations to Client concerning the outcome of Client's claims, and Attorney does not guarantee that Client will obtain any recovery in connection with the prosecution of Client's claim. Any statements Attorney may make relating to the merits of Client's claim are statements of opinion only.

## VI. TERMINATION OF REPRESENTATION

28. As Attorney continues to investigate and develop the facts in Client's case, Attorney may, either before or after filing suit, determine that Attorney is no longer willing to go forward with the case. Attorney may, accordingly, withdraw from representation of Client at any time Attorney deems appropriate so long as Attorney does so in a manner that does not violate the applicable rules.

29. Client retains the legal right to discharge Attorney as Client's Attorney at any time.

30. If Attorney withdraws from representation of Client or if Client discharges Attorney at any time, and there is a subsequent recovery of money by Client based on the claims encompassed in this Agreement, Client will remain obligated to pay and will pay

Attorney, that portion of the contingency fee due under this agreement equal to the pro rata share of the total work Attorney performed on the case up to the time of Attorney's withdrawal or Client's discharge of Attorney.

## VII. ASSIGNMENT AND LIEN

31. The Client hereby assigns to the Attorney all rights and interests the Client has or may have in any claims against the defendant(s) for costs, expenses and attorney's fees based on the Attorney's work.

32. The Client hereby gives the Attorney a continuing lien on the Client's claim(s) and the proceeds thereof and therefrom for the amount of the attorney's fees, out-of-pocket expenses, and costs for which the client is obligated under this agreement. This attorney's lien is given by the Client pursuant to the laws of the State of New York, including New York's Lien Law and/or New York's Judiciary Law.

## VIII. CONFIDENTIALITY

33. The Client understands that the Attorney may consult with and use other attorneys, experts in other fields, investigators and others concerning the case. The Client authorizes the Attorney to consult with and use such persons and to divulge to them such privileged information as is relevant for them to assist the Attorney in connection with the case. Client also authorizes Attorney to share information with Defendant(s) as Attorney deems advisable for the proper handling of the case including settlement discussions.

## IX. SETTLEMENT OF THE CASE

34. If the client settles the case, even after the termination of representation, the client will inform the attorney at the earliest possible moment. The client, by law, has the right to make all decisions regarding the settlement of the case. However, if, the case is at any time certified as a class action, the client understands and agrees that decisions regarding settlement must thereafter be made in the best interests of the class and that any settlement of a class action must be approved by the court.

35. Client agrees and authorizes Attorney to make all settlement decisions concerning claims and issues in the case in the event Attorney is unable to reach or communicate with Client in a timely and reasonable manner as determined by Attorney at his discretion. This provision is intended to address a variety of situations, including but not limited to situations where the Client cannot be reached in a timely or reasonable manner because Client is outside of the country, in prison, has a disconnected or non-working telephone number, has a change of address or is homeless, is not responding to email or other communication, etc. In addition, there are situations in which decisions must be made quickly but the Client may not be available immediately. For example, it is not uncommon during court appearances, for judges to require attorneys and their clients to have full authority to make settlement decisions and enter into stipulations on issues quickly during the court appearance itself or shortly thereafter – and where failure or

inability to do so may prejudice or disadvantage Client in the litigation or result in lost settlement and litigation opportunities that are in Client's interests. Similarly, this provision is also intended to address situations where Attorney is able to negotiate a settlement of the case of issues with the opposing party and counsel but is unable to reach Client in a reasonable and timely manner – this provision would allow Attorney to negotiate settlement for Client and avoid Client from otherwise losing settlement and litigation opportunities and being harmed as a result.

## X. FEE MEDIATION/ARBITRATION

36. Client has the right to arbitrate any fee dispute with Attorney through the Fee Dispute Resolution Program administered by the New York Office of Court Administration pursuant to 22 NYCRR § 137.

## XI. CONCLUSION

37. This agreement is to be construed pursuant to the laws of the State of New York and any changes or modifications to it must be in writing and agreed to by Attorney and Client. Any changes or modifications which are not in writing are not valid or binding on Client or on Attorney. Client agrees that any suit or action concerning any dispute relating to this agreement or the relationship between Client and Attorney shall be venued in Queens County, New York.

38. In entering into this agreement, it is the intent of Client and Attorney to comply with all applicable authorities, laws and rules. In the event any provision of this agreement is determined by a court, tribunal, or body of competent jurisdiction, to be invalid, such provision shall be reformed in order to make it valid and the rest of the agreement shall survive.

39. By their signatures below, the Client and Attorney acknowledge that they have read this agreement and understand its contents, that it fairly, accurately, and completely describes the agreement made between them, and that there are no agreements or representations between them not set forth herein, and that they agree to be bound by it. This agreement supersedes any and all prior agreements between the parties and Client agrees that Client has received a fully executed original of this retainer agreement.

ATTORNEY:                                          CLIENT:

*Abdul Hassan*                                     *Krishan Sukhram*

Abdul Hassan Law Group, PLLC                       Krishan Sukhram
By: Abdul K. Hassan, Esq.                          95-24 109 Street
215-28 Hillside Avenue                             South Richmond Hill NY 11419
Queens Village, NY 11427                           Tel: 929-2783661
Tel: 718-740-1000                                  Email: Krishansukhram@gmail.com
Fax: 718-740-1000

Email: abdul@abdulhassan.com

Date: ___7/31/2020_____

Date: ___7/31/2020_____

8